# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS COOPER, | ) Case No. CV 12-4905-MWF (JPR) |
| Petitioner, | ) |
| vs. | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. ) MAGISTRATE JUDGE |
| TIM VIRGA, Warden, | ) |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and Report and Recommendation of the U.S. Magistrate Judge. On April 3, 2014, Petitioner filed objections to the R&R, and he filed supplemental points and authorities on May 12. On June 30, 2014, at the Court's direction, Respondent filed a reply to Petitioner's filings.

Petitioner complains loudest about the Magistrate Judge's finding that the state courts were not objectively unreasonable in upholding his gang enhancement under California Penal Code section 186.22(b)(1) against his sufficiency-of-the-evidence challenge. (Objections at 8-11 & Supplemental P.&A. (discussing R&R at 32-40).) He again points out that the same division of the second appellate district of the court of appeal earlier reversed his codefendant's gang enhancement

based on the argument Petitioner makes (see R&R at 40 n.13 (citing People v. Allah, No. B207446, 2009 WL 2517567 (Cal. Ct. App. Aug. 19, 2009), and addressing Petitioner's argument)). In his supplemental points and authorities Petitioner cites a recent second appellate district court of appeal decision from a different division reversing a gang enhancement in somewhat similar circumstances, see People v. Garcia, 224 Cal. App. 4th 519 (Ct. App. 2014). Respondent argues that this claim is not exhausted and so should be dismissed by the Court.

     This Court views Petitioner as, right now, really making two different claims. He is claiming insufficiency of the evidence (a federal constitutional claim) for his gang enhancement and his conviction generally. Petitioner is next making a congeries of ill-defined claims based on the new Garcia case, perhaps asserting fundamental fairness or a California understanding of the gang enhancement. The issues Petitioner puts forth in his supplemental points and authorities by citing to Garcia are not articulated as claims for relief in his Petition. The Court therefore does not consider them to be part of Mr. Cooper's current Petition and does not take any position on the merits of whatever claims may arise from the California Court of Appeal's decision in Garcia. To the extent that Respondent later asserts that these Garcia claims were before this Court and a California court should agree, then this Court states that it views these Garcia claims as unexhausted, and would have dismissed them without prejudice. See Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (holding that as a matter of comity, a federal court should refrain from addressing an unexhausted habeas claim unless "it is perfectly clear that [Petitioner] failed to present a colorable federal claim.").

     Apart from Garcia, Petitioner does include in his Petition exhausted claims for insufficiency of the evidence concerning his gang enhancement, and also his murder and conspiracy to commit murder convictions (Objections at 2-8). As to

1  these claims, he simply reargues the evidence.  Therefore, AEDPA forbids this
2  Court to grant relief.  28 U.S.C. § 2254(d)(1).
3      But even aside from AEDPA, the Petition simply fails to state any federal
4  constitutional claim.  Under Ninth Circuit law, the evidence is sufficient to satisfy
5  the Constitution.  United States v. Nevils, 598 U.S. F.3d 1158 (9th Cir. 2010) (*en
6  banc*).  In Nevils, the Ninth Circuit explained that a court reviewing a criminal
7  conviction must undertake two steps in evaluating the sufficiency of the evidence.
8  First, it must construe evidence in the light most favorable to the prosecution.  Id. at
9  1164.  Second, it must determine "whether the evidence so viewed is adequate to
10 allow '*any* rational trier of fact [to find] the essential elements of the crime beyond
11 a reasonable doubt.'"  Id. (citing Jackson v. Virginia 443 U.S. 307, 319, 99 S. Ct.
12 2781, 61 L. Ed. 2d 560 (1979)).  In conducting the second step, the Court may not
13 ask whether a finder of fact could have construed the evidence produced at trial to
14 support acquittal.  Id. at 1165.  Therefore, even without reviewing the petition with
15 the deference required by AEDPA, the Court would come to the same conclusion
16 under Nevils.  The Court cannot conclude that all rational fact finders would have
17 to have determined that there was insufficient evidence of all the elements of the
18 crime beyond a reasonable doubt.
19      Indeed, Petitioner neglects to mention the most salient piece of evidence
20 tying the phone found in the getaway car to him: the entry in its contacts of "mom"
21 for his mother.  (Lodged Doc. 23, 4 Rep.'s Tr. at 373.)  There could hardly be more
22 definitive proof that the phone was being used by him.  Moreover, he is simply
23 incorrect when he argues that "[t]he phone in the car was called by 'Jamaal' rather
24 than the other way around."  (Objections at 5; see also id. at 6.)  The jury heard
25 evidence, supported by call records, that Jamaal told the police Petitioner called
26 him shortly before the murder and told him who was going to do the shooting.
27 (Lodged Doc. 22, 3 Clerk's Tr. at 457-58, 461-63, 502; Lodged Doc. 23, 4 Rep.'s
28 Tr. at 406, 439, 5 Rep.'s Tr. at 469.)  Petitioner concedes that a call was made but

denies making it. (Objections at 6.) The jury was entitled to believe the evidence to the contrary.

Petitioner's objections to the Magistrate Judge's conclusions concerning his Brady and prosecutorial-misconduct claims mostly simply repeat arguments he made in the Petition and Traverse. (Id. at 11-17.) Moreover, as to the prosecutorial-misconduct claim, his objections appear to rely exclusively on direct-appeal cases (see id. at 14-17), in which AEDPA deference does not apply. Petitioner's claim concerning the "suborning of perjury" is still unclear (id. at 17-18); to the extent there was some sort of inconsistency between the two police officers' testimony at the preliminary hearing and at trial concerning the cell phone and "D-Short," Petitioner's counsel cross-examined one of the officers concerning the appearance of "D-Short" on the phone (Lodged Doc. 23, 4 Rep.'s Tr. at 447-48) and successfully moved to strike testimony about it by the other officer (Lodged Doc. 23, 3 Rep.'s Tr. at 130-31). Presumably, and not surprisingly, the jury found the "D-Short" evidence not to be material. Again, although some small amount of evidence could be interpreted as linking the phone to another user, the evidence that Petitioner was its primary user was very strong indeed. (See R&R at 29-30.) The jury was not required to adopt Petitioner's speculation.

As the Magistrate Judge concluded, Petitioner's cumulative-error claim does not warrant relief. Petitioner now seems to claim that he was prevented from presenting additional phone records at trial. (Objections at 19.) But the issue raised in the Petition was whether the trial court erred in allowing the prosecution to use summaries of the call records. (Pet. at 22.) It did not. (See R&R at 56-59.) Petitioner asserts that the amendment of the information shortly before the end of the presentation of evidence was prejudicial, contrary to the Magistrate Judge's conclusion, because "it allowed the petitioner to be punished for something he did not do but rather for another person's actions." (Objections at 20.) But of course the law allows that, see Cal. Penal Code section 12022.53(e) (applying

4

enhancements when principal used firearm), and as the Magistrate Judge pointed out, Petitioner was on notice from the very start of the trial that the prosecution's theory of the case was that someone, not necessarily Petitioner, fired one or more guns from the car (R&R at 61). That was all that was required. Petitioner's other contentions in his cumulative-error claim do not warrant relief for the reasons stated in the R&R. Although this Court might have inquired further of the jurors concerning their exposure to the unredacted transcript, the trial court did conduct an inquiry and properly admonished the jury to disregard the erroneously distributed transcript. (R&R at 62-63.) The state courts were not objectively unreasonable in finding that no prejudice occurred.

As to Petitioner's other claims, he asserts in the Objections that he stands on the arguments in the Petition and Traverse. For the reasons stated in the R&R, the Magistrate Judge did not err in rejecting those claims.

Having reviewed de novo those portions of the Report and Recommendation to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge.

Accordingly, the Petition is **DISMISSED with prejudice**, since the Garcia claims are not included in this Petition. If a California court should view the Garcia claims as included in this Petition, then those claims (and only those claims) are **DISMISSED without prejudice**. The request for an evidentiary hearing is **DENIED**. Let Judgment be entered accordingly.

IT IS SO ORDERED.

DATED: September 16, 2014.

_____
MICHAEL W. FITZGERALD
United States District Judge